UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDWARD COX, )
)
    Plaintiff, )
)
vs. ) Case No. 4:06CV1646SNL
)
GREAT SENECA FINANCIAL CORP. and )
BRIAN CHILDS, )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Great Seneca Financial Corp.'s (GSFC) motion to dismiss for failure to state a claim (#6), filed February 16, 2007 and defendant Childs' motion to dismiss for lack of personal jurisdiction (#8), filed February 16, 2007. As of today's date, plaintiff has failed to respond to either motion.

Plaintiff alleges liability under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et. seq.* in connection with the filing of an affidavit in a state court lawsuit involving the parties. Defendant Childs, an employee of defendant GSFC, filed an affidavit attesting to the authenticity of certain records produced in connection with a state court debt collection action filed by defendant GSFC against the plaintiff. This state court action was ultimately dismissed by defendant GSFC. Plaintiff alleges that the subject affidavit contained false, deceptive, and misleading representations in violation of 15 U.S.C. §1692(e).

Defendant GSFC contends that plaintiff has failed to make a viable claim under the FDCPA because defendant Childs is absolutely immune from liability for testimony provided in legal proceedings; thus, if defendant Childs is immune from liability, then defendant GSFC cannot

be held liable for any acts arising out of defendant Childs' conduct.  Defendant Childs contends that this Court lacks personal jurisdiction over him because he has not had the minimum contacts with the State of Missouri as required under Missouri's Long-Arm Statute and the Due Process Clause of the United States Constitution.

After careful consideration of the defendants' motions and memorandum of law in support, and the relevant caselaw, the Court will grant the defendants' motions to dismiss for the grounds as stated in the defendants' motions and memorandum of law in support.  Firstly, defendant Childs enjoys the protection of absolute witness immunity for the subject affidavit.  *See*, Briscoe v. LaHue, 460 U.S. 325, 328 (1983); Etapa v. Asset Acceptance Corp., 373 F.Supp.2d. 687, 690-91 (E.D.Ky. 2004); Beck v. Codilis & Stawiarski, P.A., et. al., 2000 WL 34490402 (N.D.Fla. 2000); *but see*, Kelly v. Great Seneca Financial Corp., 443 F.Supp.2d. 954 (S.D.Ohio 2005); Delawder v. Platinum Financial Services, Corp., 443 F.Supp.2d. 942 (S.D.Ohio 2005); Blevins v. Hudsosn & Keyse, Inc., 395 F.Supp.2d. 662 (S.D.Ohio 2004).  Secondly, defendant Childs' signing of an affidavit used by his employer defendant GSFC in a Missouri state court debt collection action fails to meet the well-established minimum contacts and due process standards as set forth in the defendants' briefs.  Finally, given that the Court finds that defendant Childs is absolutely immune for the subject liability, the Court finds that there is no basis in fact or law to extend liability to his employer defendant GSFC.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Great Seneca Financial Corp.'s motion to dismiss (#6) be and is **GRANTED.**  Plaintiff's claim against defendant GSFC is **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that defendant Childs' motion to dismiss (#8) be and is **GRANTED**. Plaintiff's claim against defendant Childs is **DISMISSED WITH PREJUDICE**.

Dated this   9th   day of March, 2007.

*[signature: Stephen N. Limbaugh]*
SENIOR UNITED STATES DISTRICT JUDGE